UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENT ALLEN,<br><br>                    Plaintiff,<br><br>           -against-<br><br>DANIEL EK (CEO of Spotify); QUAVIOUS MARSHALL; KIARI CEPHUS,<br><br>                    Defendants. | 21-CV-4696 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the diversity of citizenship statute, 28 U.S.C. § 1332, as the basis for this Court's jurisdiction. Plaintiff alleges that he developed the idea of the music-streaming site Spotify, and he seeks compensation and credit for his alleged creation. By order dated June 8, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

Because of Plaintiff's repeated filing of similar suits with implausible allegations and meritless claims, the Court, in *Allen v. Almanzar*, ECF 1:21-CV-3838 (LTS) (S.D.N.Y. May 17, 2021) (ECF 4), has directed Plaintiff to show cause why he should not be enjoined from filing any further actions in this Court IFP without first obtaining permission from this Court to do so.

For the reasons set forth in this order, the Court dismisses the complaint for failure to state a claim and as frivolous.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are taken from the complaint: When Plaintiff was in the 8th grade, he moved to Georgia from Florida. In 2001, the summer before Plaintiff's 9th grade school year, he "met Kiari Cephus (Offset) who[ ] lived down the street . . . [as well as his] birth brother Quavious Marshall (Quavo)." (ECF 2, at 7.)

"D[u]ring this time, [Plaintiff] knew MP3 would be a big market and would be the way of the future to listen to music and that's what [they] would occasionally sp[eak] about." (*Id.*) Also during this time, Plaintiff "was kind of a messy teenager . . . [and] when [he] wore [his] regular clothes [he would] end up with a SPOT on [his] clothes." (*Id.*) On one occasion, when he "wast[ed] some juice on [his] clothes," he realized "the perfect name to put with a MP3 player": Spotify. (*Id.*)

Plaintiff seeks money damages for his "idea of Spotify." (*Id.* at 8.)

## DISCUSSION

**A.      Failure to State a Claim**

The Court construes Plaintiff's allegations that he had the idea for the music-streaming site Spotify as seeking relief for copyright infringement. As the Court has repeatedly explained to Plaintiff in response to his prior suits, the Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a). "[T]he author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989).

However, "copyright does not protect an idea, but only the expression of an idea." *Richard J. Zitz, Inc. v. Pereira*, 225 F.3d 646 (2d Cir. 2000) (citing *Kregos v. Associated Press*, 3 F.3d 656, 663 (2d Cir. 1993)); *see* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea[,] . . . concept, [or] principle, . . . regardless of the form in which it is described, explained, illustrated, or embodied in such work."); *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985) ("[N]o author may copyright . . . ideas."); *Williams v. Chrichton*, 84 F.3d 581, 589 (2d Cir. 1996) ("Any similarity in the theme of the parties' works relates to the unprotectible idea of a dinosaur zoo."); *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 501 (2d Cir. 1982) ("Plaintiff cannot copyright the 'idea' of a snowman."); *Dean v. Cameron*, 53 F. Supp. 3d 641, 648 (S.D.N.Y. 2014) ("Plaintiff does not have a monopoly on the idea of floating or airborne land."); *Castorina v. Spike Cable Networks, Inc.*, 784 F. Supp. 2d 107, 112 (E.D.N.Y. 2011) ("[A] theme of 'referencing significant Americans' is an uncopyrightable idea.").

Here, Plaintiff fails to state a claim under the Copyright Act because he does not allege that he created any software or other tangible expression of his ideas or that he holds any copyright. The Court therefore dismisses the complaint for failure to state a claim.

**B.      Frivolousness**

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011)

(finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's claim that he created the idea of Spotify when he was in the 9th grade is wholly implausible, particularly in light of claims Plaintiff has advanced in his numerous other complaints. *See Allen*, ECF 1:21-CV-3838 (ECF 4) (collecting cases). Thus, the Court also dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Because the Court concludes that granting leave to amend would be futile, the Court declines to do so.

## CONCLUSION

Plaintiff's complaint, brought IFP under 28 U.S.C. § 1915(b), is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and as frivolous, § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  June 15, 2021
       New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge